# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ILENE F. GOLDSTEIN, not individually but as Chapter 7 Trustee ) ) ) Plaintiff, ) ) v. ) ) PAS-COY, LLC, ) ) Defendant. ) | Case No. 14 cv 1397 Judge Sharon Johnson Coleman |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ilene Goldstein, Bankruptcy Trustee for Debtor Wachs ORO, LLC ("Wachs") filed a complaint against Defendant PAS-COY, LLC ("PAS-COY"), for breach of contract, quantum meruit, and unjust enrichment. PAS-COY filed the instant motion to compel arbitration. For the following reasons, PAS-COY's motion is denied without prejudice.

### BACKGROUND

PAS-COY, a Tennessee limited liability company, served as subcontractor for a design and build project ("Project") based in Tennessee. In turn, on August 1, 2008, PAS-COY, entered into a Subcontract Agreement ("Subcontract") with Wachs, an Illinois limited liability company, for Wachs to provide certain work on the Project. Section 32 of the Subcontract provides in relevant part:

> "All disputes arising under this Subcontract shall be determined in accordance with the dispute resolution mechanism set forth in the Contract Documents, including without limitation, any requirements for joinder and consolidation of claims. Unless the parties mutually agree otherwise, in the absence of any such dispute resolution mechanism provided in the Contract Documents, all claims, disputes, and other matters in question between the Contractor and the Subcontractor shall be decided by arbitration and in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then in effect, but shall be administered by one or more arbitrators selected by mutual agreement of the parties."

1

Section 36 of the Subcontract provides that "[t]he parties agree that the exclusive forum for any litigation or arbitration concerning matters arising under the Subcontract shall be in the courts having jurisdiction or the arbitration locale provided by the Upper Tier Contract and/or Prime Contract, or, if not specifically determined therein, the location of the Project."

On October 20, 2010, Wachs and PAS-COY also executed a Submission Agreement stating:

> "WHEREFORE THE PARTIES HEREBY AGREE to submit any and all claims and disputes between them arising out of or relating to the Project to binding arbitration before a three-member panel of neutral arbitrators with experience in the construction industry ("Arbitration Panel"), to be conducted in Oak Ridge, Tennessee, unless the parties agree otherwise, and in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association in effect as of the date of this Agreement ("Rules")[.]"

Work began on the project and over time, a dispute developed wherein PAS-COY alleges Wachs failed to perform its duties under the Subcontract. PAS-COY and Wachs also disputed the amounts owed under the Subcontract.

PAS-COY filed a Proof of Claim seeking nearly $6,660,063.10 from the bankruptcy estate that Goldstein is administering for Wachs. The proof of claim alleged that Wachs breached their Subcontract. Goldstein then filed a complaint against PAS-COY in Bankruptcy Court alleging breach of contract, quantum meruit, and unjust enrichment because PAS-COY failed to pay Wachs for materials and services provided for the project, which caused Wachs to stop working on the project. PAS-COY now moves this Court to compel arbitration in accordance with the Subcontract to resolve the parties' disputes.

**DISCUSSION**

Before reaching the merits of PAS-COY's motion to compel arbitration, the Court must address a threshold venue question. PAS-COY points to the forum selection clause that it and Wachs agreed to as the proper venue for arbitration. Goldstein contends that it would be too expensive to arbitrate in Tennessee, and therefore, this Court should decline to compel arbitration. The Seventh Circuit has held that a district court does not have the authority under Section 4 of the Federal Arbitration Act to compel arbitration in another district. See *Faulkenberg v. CB Tax Franchise Systems, LP*, 637 F.3d 801, 808 (7th Cir. 2011); and *Haber v.*

*Biomet, Inc.*, 578 F.3d 553, 558 (7th Cir. 2009) (quoting *Merrill Lynch, Pierce, Fenner & Smith v. Lauer*, 49 F.3d 323, 327 (7th Cir. 1995) ("When an arbitration clause in a contract includes a forum selection clause, 'only the district court in that forum can issue a § 4 order compelling arbitration."

Here, the Subcontract includes a clause stating that arbitration shall take place in "the arbitration locale provided by the Upper Tier Contract and/or Prime Contract, or, if not specifically determined therein, the location of the Project." The parties have not provided this court with the Upper Tier or Prime Contracts, however, it is clear that the Project is located in Tennessee. Further, the Submission Agreement provides that arbitration must be conducted in Oakridge, Tennessee. Thus, because PAS-COY and Wachs agreed to arbitrate in Tennessee, the Court lacks the authority to compel arbitration in Illinois. If PAS-COY wishes to pursue enforcement of the arbitration agreement, the proper procedure is to bring a motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). See *Faulkenberg*, 637 F.3d at 806 (holding that "a rule 12(b)(3) motion to dismiss for improper venue, rather than a motion to stay or to compel arbitration, is the proper procedure to use when the arbitration clause requires arbitration outside the confines of the district court's district"). In the alternative, PAS-COY may bring an action under Section 4 of the FAA in a district court in Tennessee, which would have the authority to compel arbitration of Goldstein and PAS-COY's claims.

**CONCLUSION**

PAS-COY's motion to compel arbitration is denied without prejudice.

IT IS SO ORDERED.

_____
Date: October 31, 2014

United States District Judge